MILLER, Judge.'
Plaintiff Curtis Jordan seeks an increase to the $668.69 awarded under an oral contract with defendant Craig Romero. Romero answered the appeal seeking to set aside the award and alternatively to reduce the award to $236.83. We affirm.
Jordan is an experienced business man and Romero turned eighteen shortly before entering into an arrangement whereby Jordan would furnish fireworks and Romero would sell them. The contest concerns the terms of their agreement.
Romero contends that Jordan sold fireworks to him at Jordan’s cost with the agreement that Romero had the right to return all unsold fireworks for full credit. The trial judge rejected this interpretation of the contract and held that the parties agreed that Romero would pay Jordan’s cost of the fireworks sold plus one-half the gross profit made on Romero’s sales, less the sales tax due on Romero’s sales.
At trial Romero paid the $1,731.83 cost of fireworks which he had sold. He reported that his gross sales totaled $3,299.-35, and that figure was accepted by the trial judge. The trial judge’s $668.69 award was computed on the basis of one-half the gross profits from gross sales of $3,299.35 less the $1,731.83 cost of the fireworks, less the $115.07 sales tax which Jordan twice agreed he was to pay out of his share of the gross profits.
Jordan contends that Romero was obligated to sell the $1,731.83 worth of fireworks at the suggested retail price of $5,516.80. On that basis Jordan seeks an *688 increase in his award to the sum of $1,892.12.
 The trial judge’s written reasons carefully review the evidence presented in the discovery depositions and at trial. His factual determinations are supported by the evidence. The appealing parties have failed to establish manifest error in these findings.
The terms of the contract were established by three witnesses. The requirements of LSA-C.C. art. 2277 were met.
The judgment is affirmed at appellant’s costs.
Affirmed.